[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Barbara Suess appeals from a fair hearing officer's decision finding that although the plaintiff had improperly transferred an asset, namely a 1986 Pontiac Firebird automobile to her aunt, for the purpose of qualifying for general public assistance, the local welfare Department of the Town of East Granby committed error by failing to determine the value, if any, of the vehicle, and remanding to the local welfare department the determination of whether the transfer of the vehicle affected eligibility for public assistance benefits. Accordingly, the fair hearing officer determined that the discontinuance of general public assistance by the Town of East Granby was incorrect. In her appeal the plaintiff also claims that the fair hearing officer improperly concluded as a matter of fact and law that the automobile belonged to the plaintiff, whereas, according to the plaintiff, the automobile belonged to her aunt.
Defendant Connecticut Department of Income Maintenance, citing inter alia. Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525 (1987), argues that the fair hearing officer's decision is supported by the substantial evidence in the record as a whole, that the officer's decision was grounded in a consideration of the proper legal standard, and that this court cannot substitute its determination of facts for that of the fair hearing officer's determination.
Notwithstanding the foregoing arguments this Court concludes that the this appeal must be dismissed for the reason that the plaintiff has not exhausted all administrative remedies available within the agency, as required by Conn. Gen. Stat. Sec. 4-183(a), inasmuch as the April 9, 1991 CT Page 7244 decision subject of this appeal, after finding the discontinuance of benefits to be incorrect, remanded the matter to the local agency for a determination of the plaintiff's eligibility. Connecticut General Statutes Section 17-292f(a) clearly provides that ". . . . the commissioner or his designated hearing officer shall render a final decision . . . . ." This Court interprets the decision of remand as not final within the context of establishing ripeness for appellate review inasmuch as the remand decision did not determine plaintiff's ineligibility for public assistance. Accordingly, the hearing officer's decision was not final within the context of Section 4-166 of the Connecticut Administrative Procedure Act.[1]
For the foregoing reasons, the appeal is dismissed.
Clarance J. Jones, Judge